UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 3:06CR233(AHN) |
| : | |
| ALEKSANDER DUBOGRYSOV : | |

RULING ON MOTION TO DISMISS INDICTMENT
OR FOR A BILL OF PARTICULARS

The indictment in this case charges the defendant, Aleksander Dubogryzov ("Dubogryzov"), along with Tatiana Conte ("Conte") and Irina Bissell ("Bissell"), with conspiring to transport and transporting individuals in interstate commerce to engage in prostitution in violation of 18 U.S.C. §§ 371 and 2421,[1] and a conspiracy to commit money laundering of the proceeds of prostitution in violation of 18 U.S.C. 1956(a)(1)(B)(i).[2] The indictment also seeks forfeiture of

---

[1] This statute, commonly referred to as the Mann Act, makes it a crime to knowingly transport any individual in interstate or foreign commerce, or in any Territory or Possession of the United States, with intent that such individual engage in prostitution, or in any sexual activity for which any person can be charged with a criminal offense, or attempt to do so.

[2] Under 18 U.S.C. § 1956 (a)(1)(B)(i), "[w]hoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity -- (B) knowing that the transaction is designed in whole or in part -- (i) to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity[]" is guilty of money laundering.

property involved in the money laundering offense pursuant to 18 U.S.C. § 982(a) and (b).[3]

Dubogryzov now, on the eve of trial, moves to dismiss the indictment on the grounds that its conclusory allegations are impermissibly vague and it fails to adequately inform him of the nature of the charges against him. In the alternative, he moves for a bill of particulars. For the following reasons, the motion [doc. # 71] is DENIED.

FACTS

With regard to the conspiracy charged in count one, the indictment alleges that in or about 2002, Dubogryzov started a prostitution enterprise that operated brothels or houses of prostitution at various locations in Connecticut, New Jersey, and New York, including ones in Stratford, Norwalk, and Stamford, Connecticut; Morristown, Dover, and North Brunswick, New Jersey; and Nanuet and Spring Valley, New York.

Dubogryzov's two female co-conspirators, Conte and Bissell, were employed at various times at those locations and were also responsible for driving the prostitutes to the locations and for

---

[3] Section (a)(1) of this forfeiture statute provides that "[t]he court, in imposing sentence on a person convicted of an offense in violation of section 1956 ... shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." Section (b) provides for the substitution of assets in the event such property has been, inter alia, transferred by the convicted person.

delivering to Dubogryzov the cash proceeds from the prostitution. At various times Conte deposited into her various bank accounts hundreds of thousands of dollars generated by the prostitution business. She wrote checks on those funds to pay the mortgage and other expenses for Dubogryzov's home in Florida.

The overt acts alleged in furtherance of the conspiracy are that Dubogryzov leased property in his name or in the name of New Age Management or some variation of that name; advertised the brothels as "spas," "massage parlors," or "holistic health centers" on the Internet, specifically on a website registered to Dubogryzov located at http://www.1russianbutterfly.com, and in the adult section of several newspapers; solicited women to work as prostitutes at the brothels by word of mouth and by advertising in <u>Russkaya</u> <u>Reklana</u>, the leading Russian-language classified newspaper in the Northeast; arranged on a daily basis to have the women, most of whom were from Eastern Europe, transported to the various brothels; that Conte and Bissell, from in or about 2004 to August 2006, transported the women to the brothels; that Bissell was at times the manager of a brothel in Morristown, N.Y.; and that Conte delivered to Dubogryzov the cash proceeds from the prostitution business.

With regard to the substantive Mann Act violation charged in count two, the indictment incorporates the allegations in count one and further alleges that from in or about 2004 to August

2006, Dubogryzov, Conte, and Bissell, knowingly and intentionally transported or facilitated the transportation of an individual in interstate commerce with the intent that the individual engage in prostitution.

The money laundering conspiracy charged in count three incorporates the allegations in count one and additionally alleges that from in or about 2002 to about September 13, 2006, Dubogryzov provided Conte with U.S. currency generated from the prostitution business which Conte deposited in bank accounts in a financial institution that had been opened in her name and wrote checks disguising the source and ownership of those funds, to pay for, among other things, advertising and utilities relating to the brothels. Conte and Dubogryzov also used credit cards to pay for expenses related to the brothels and proceeds of the prostitution business were used to pay the credit card bills. Further, to conceal the source and ownership of the cash proceeds, Conte also deposited to her bank accounts money that Dubogryzov provided to her from the proceeds of the prostitution business, and then wrote checks drawn from those funds to make mortgage payments and to pay for utilities and a swimming pool for Dubogryzov's home in Florida.

In count four, the indictment states that upon Dubogryzov's conviction of count three, he shall forfeit to the United States all money and other property involved in the money laundering

conspiracy and property traceable to such property, including, but not limited to, real property located in Palm Coast, Florida, and a money judgment equal to the total amount of money and property involved in the money laundering conspiracy and all property traceable to such property. It further states that if any of the specifically identified property, <u>inter</u> <u>alia</u>, cannot be located, or has been transferred, sold to, or deposited with a third party, the government will seek forfeiture of any other property belonging to Dubogryzov up to the value of that property.

<u>STANDARD</u>

Under the Fifth Amendment, an indictment returned by a legally constituted and unbiased grand jury, if valid on its face, is enough to call for trial on the charges. <u>Costello v. United States</u>, 350 U.S. 359, 363 (1956). Rule 7(c) of the Federal Rules of Criminal Procedure requires that an indictment contain a "plain, concise and definite written statement of the essential facts constituting the offense charged." <u>Id.</u> This rule satisfies a defendant's Sixth Amendment right to be informed of the nature and cause of the accusation; prevents a defendant from being subject to double jeopardy; and serves the Fifth Amendment's protection against prosecutions for crimes based on evidence not presented to a grand jury. <u>United States v. Walsh</u>, 194 F.3d 37, 44 (2d Cir. 1999). Thus, the Second Circuit has

"consistently upheld indictments that do little more than track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime" and contain some amount of factual particularity to ensure that the prosecution will not fill in the elements of its case with facts other than those considered by the grand jury. E.g., id. As the Supreme Court recently reiterated, "an indictment has two constitutional requirements: first, [it must] contain the elements of the offense charged and fairly inform a defendant of the charge against which he must defend, and second, [it must] enable him to plead an acquittal or conviction in bar of future prosecutions for the same offense." United States v. Resendiz-Ponce, 127 S. Ct. 782, 788 (2007) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

With regard to a bill of particulars, it is only required if the charges of an indictment are so general that they do not advise a defendant of the specific acts of which he is accused. United States v. Walsh, 194 F.3d at 46; see also United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). In determining if a bill of particulars is required, the court must consider whether the requested disclosures are necessary to enable the defendant to prepare for and avoid unfair surprise at trial, United States v. DeFabritus, 605 F. Supp. 1538, 1547-48 (S.D.N.Y. 1985), whether it would unduly restrict the government's ability

to present its case, id. at 1548, and whether the information sought has been or could be obtained through discovery, United States v. Young & Rubicam, Inc., 741 F. Supp. 334, 349 (D. Conn. 1990).

A bill of particulars is not intended to be a general investigative tool for the defense, or a device to compel disclosure of the government's evidence or legal theory prior to trial. See, e.g., United States v. Torres, 901 F.2d 205, 234 (noting that acquisition of evidentiary detail is not the function of a bill of particulars). Rather, a bill of particulars is intended to minimize surprise, permit the defendant to plead double jeopardy should he be prosecuted later for the same offense, and enable him to obtain facts that are needed to prepare a defense. See id.; United States v. Gotti, 784 F. Supp. 1017, 1018 (E.D.N.Y. 1992). "It is not enough that the information would be useful to the defendant; if the defendant has been given adequate notice of the charges against him, the government need not be required to disclose additional details about its case." United States v. DeFabritus, 605 F. Supp. at 1548.

Because a bill of particulars confines the government's proof to the particulars furnished, the court must also consider whether ordering a bill of particulars would unduly restrict the government's ability to present its case; if so, the request

should be denied.  See, e.g., United States v. Massino, 605 F. Supp. 1565 (S.D.N.Y. 1986), rev'd on other grounds, 784 F.2d 153 (2d Cir. 1986).

## DISCUSSION

Dubogryzov maintains that the indictment must be dismissed because it fails to contain sufficient factual detail to afford him notice of the charges against him.  Alternatively, Dubogryzov says that the government should be required to provide him with specific factual detail in a bill of particulars because without such basic information he cannot conduct an adequate pre-trial investigation and his ability to mount a defense will be substantially prejudiced.  Dubogryzov is simply not entitled to either an indictment or a bill of particulars, even if it were timely filed, see Fed. R. Crim. P. 7(f), containing the specific details he seeks.

I.   Sufficiency of the Indictment

Dubogryzov claims that the indictment is unconstitutionally vague because it fails to allege specific facts identifying the time, manner, location, and ways in which the charged crimes were committed.  For instance, with regard to count one, Dubogryzov says it is deficient because it does not state (1) the specific dates on which the overt acts were carried out and the specific people involved in those acts; (2) the identity of any woman, by name, address, and telephone number, whom Dubogryzov solicited to

work as a prostitute and the date and place the solicitation occurred; (3) the identity, by name, address, and telephone number, of any woman Dubogryzov transported interstate, the date of transportation, and the states between which she was transported; (4) the identity of the leases Dubogryzov obtained in his and other names and the dates the leases were executed, the parties to the leases, and the location of each leasehold; (5) any specific advertisement Dubogryzov placed on the Internet or in any specific newspaper, including the date, content, and location of such advertisement; and (6) the date, place, or manner by which delivery of currency was made.

With regard to the second count, Dubogryzov says the indictment is flawed because it does not identify any specific date or the identity of any individual who was transported interstate and the place where the transportation began and concluded.

The supposed unconstitutional deficiencies that Dubogryzov says exist in count three are the failure to identify (1) the specified unlawful activity that was the object of the conspiracy; (2) any specific date he provided Conte with cash proceeds, and the amount and place where it occurred; (3) any specific date, amount, and location of any deposit made by Conte; (4) any specific credit card used and the date used and any specific bill that was paid with the proceeds of prostitution;

(4) any specific check Conte wrote to pay for expenses of the prostitution business; and (5) any specific deposit or specific check drawn on any account that was used to make any specific payment.

And as to the forfeiture claim, Dubogryzov says it is also flawed because it does not identify any property, other than the Florida property, that is subject to forfeiture.

Contrary to Dubogryzov's claims, the indictment does not need to contain such factual detail explaining how the crimes were committed, or specifying the nature, time, and place of every overt act taken in furtherance of the conspiracies, or setting forth all the evidence the government intends to introduce at trial. See United States v. Cephas, 937 F.2d 816, 823 (2d Cir. 1991) ("[S]pecific acts need not be alleged with respect to every named defendant, if the indictment is otherwise sufficient and names the other persons involved in the criminal activity."). Rather, as noted, the constitution only requires it to contain the elements of the offense in sufficient detail to fairly inform him of the charges he must meet and to enable him to plead double jeopardy in any future prosecution for the same offense. United States v. Resendiz-Ponce, 127 S. Ct. 782, 788 (2007). The indictment in this case easily satisfies the liberal pleading requirements of the Federal Rules and the Fifth and Sixth Amendments.

Specifically, counts one and three state the essential elements of the charged Mann Act and money laundering conspiracies, outline the manner and means in which the conspiracies were carried out, specify seven overt acts in furtherance of the Mann Act conspiracy and five overt acts in furtherance of the money laundering conspiracy, and give approximate dates, places, and identity of the actors. Cf. United States v. Alfonso, 143 F.3d 772 (2d Cir. 1998) (holding that particular averments such as what the defendants allegedly conspired to steal or precisely how the conspiracy affected interstate commerce are not required in an indictment). Further, the substantive Mann Act violation alleged in count two not only directly tracks the language of the statute, it also provides the approximate inclusive dates and the identity of the actors. Cf. Hamling v. United States, 418 U.S. 87, 117 (1974) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly ... set forth all the elements necessary to constitute the offence intended to be punished."). Indeed, the indictment here goes further than what is required by providing additional facts such as the precise addresses of the properties leased for the brothels, some of the content of the advertisements for the brothels and the identity of an Internet site where the brothels were advertised, two ways

in which Dubogryzov solicited women to work in the brothels, including one specific classified newspaper in which he placed advertisements soliciting women, and several ways in which the source of the money generated by the prostitution business was concealed or disguised.

In sum, the allegations are sufficiently specific to permit Dubogryzov to prepare his defense and to bar future prosecutions for the same offense. It is therefore valid on its face.

II. Bill of Particulars

Also contrary to Dubogryzov's claim, the government is not required to provide such specific factual details or evidentiary matters in a bill of particulars, e.g., United States v. Ganim, 225 F. Supp. 2d 145, 156 (D. Conn. 2002) (noting that the cases repeat over and over that a bill of particulars may not call for evidentiary matter), even if disclosure of the government's evidence would be useful to him, United States v. DeFabritus, 605 F. Supp. at 1548.

Here, not only does the indictment contain more factual detail than is required, most, if not all, of the particularization that Dubogryzov is looking for is contained in the extensive discovery that the government has already provided to him. Specifically, the government has provided Dubogryzov with more than one thousand pages of documents and a variety of other material disclosing (1) lease information for six of the

properties used as brothels; (2) original newspapers containing advertisements for the brothels; (3) discovery letters disclosing the names, known addresses, and known phone numbers of law enforcement and non-law enforcement witnesses that the government intends to call in its case-in-chief at trial, including some of the women who worked at the brothels; (4) business receipts and ledgers showing the name of the woman who worked for him and provided money to him; (5) business receipts detailing dates, locations, customers, and amounts received for sessions with prostitutes; (6) law enforcement reports explaining that the women traveled from New York to either New Jersey or Connecticut to engage in unlawful sex acts and stating the precise date an individual was transported interstate for that purpose; (7) bank deposit tickets showing the exact dates and amounts of deposits and whether they were in cash or check; (8) individual checks signed by Dubogryzov drawn on Conte's bank accounts; (9) records from various credit card companies; and (10) records showing payment of credit card charges from Conte's bank accounts.

With regard to the forfeiture count, Dubogryzov has provided no authority requiring the government to specifically identify, either in an indictment or a bill of particulars, the exact property that it intends to forfeit. Nonetheless, the government advised Dubogryzov on the record that it intended to forfeit the proceeds from the refinancing of his Florida property and his

property in Ellenville, New York, in light of the fact that the proceeds from the refinance were used to pay taxes on that property, and that it will seek a money judgment in an amount that Dubogryzov profited from his illegal activity.

Based on the quantity and quality of the information Dubogryzov has already received from the government, it is disingenuous for him to claim either that he does not know the nature of the charges against him, or that he will be unfairly surprised by the evidence introduced at trial, or that his ability to prepare his defense will be prejudiced if he does not get a bill of particulars containing the specific evidentiary detail he seeks. The information that the government has already provided to him is more than sufficient for him to adequately prepare for trial and avoid any unnecessary surprise. See United States v. Barnes, 158 F.3d 662, 665-66 (2d Cir. 1998); United States v. Bortnovsky, 820 F.2d at 574. And in light of the factual detail already provided to Dubogryzov in both the indictment and through discovery, there is no reason why the government should be required to give him a road map of its case or why the presentation of its proof should be restricted by the factual detail he seeks in a bill of particulars. See e.g., United States v. Torres, 901 F.2d at 234; United States v. Gottlieb, 493 F.2d 987, 944 (2d Cir. 1974). Accordingly, a bill of particulars will not be ordered.

## CONCLUSION

For the foregoing reasons, the defendant's motion to dismiss the indictment or for a bill of particulars [doc. # 71] is DENIED.

SO ORDERED this 5th day of September, 2007 at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge