UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | No. 3:06CR233(AHN) |
| | : | |
| ALEKSANDER DUBOGRYZOV | : | |

## RULING ON MOTION IN LIMINE

The defendant, Aleksander Dubogryzov ("Dubogryzov"), has moved in limine to preclude evidence relating to the Clarkstown, New York police investigation of him which began in December 2004. At the outset, the court notes that the motion only seeks to preclude evidence of this investigation. It does not mention suppression of this evidence. To the extent the defendant raises issues as to the legality or constitutionality of the investigation and search as a ground to preclude the evidence, those issues could have been raised in a motion to suppress, which the defendant did not file. For these reasons, the court considers this motion only as seeking to preclude the evidence at trial, not to suppress it. As such, the motion is granted in part and denied in part.

Although evidence of the investigation may, as the government argues, be direct evidence of the charged crimes and admissible as such without regard to Fed. R. Evid. 404(b), the court nonetheless finds that it is admissible under Rule 404(b), except as discussed below, for the proper purpose of proving the

defendant's knowledge and intent, and not to prove his bad character or criminal propensity. See Fed. R. Evid. 404(b). The evidence is also properly admissible under Rule 404(b) to inform the jury of the background of the conspiracies charged, to complete the story of the crimes charged, and to help explain the relationship between the co-conspirators, and the defendant's role in the charged conspiracies. United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992).

The evidence of the investigation is thus highly relevant to the issues in this case. Indeed, the defendant's intent and knowledge of the charged crimes are squarely at issue, as evidenced by defense counsel's opening statement in which she said: "[t]he issue [in this case] is whether Mr. Dubogryzov intended the women at the spa to engage in prostitution or intended to launder money of the so-called scheme to transport them for prostitution." Based on counsel's opening statement, the defendant's defense is not that prostitution did not go on, but that he instructed the women not to have sex, that the money he received was from standard massage fees, and that any money the women received from what they did behind closed doors was for them alone.

Further, under the Rule 403 balancing analysis, the relevance and probative value of this evidence is not substantially outweighed by any possible unfair prejudicial

effect it might have. This evidence does not involve conduct any more sensational or disturbing than the crimes with which the defendant is charged or than the other relevant evidence that has been introduced by the government during its case in chief. See United States v. Roldan-Zapata, 916 F.2d 795, 804 (2d Cir. 1990).

Because it is clear from counsel's opening statement that the defendant does not intend to remove the issues of his knowledge and intent from the case, the evidence may be admitted in the government's case in chief and does not have to wait until the conclusion of the defendant's case. United States v. Caputo, 808 F.2d 963, 968 (2d Cir. 1987).

For these reasons, the defendant's motion in limine to preclude evidence relating to the Clarkstown investigation is DENIED in part. However, insofar as the government intends to offer testimony or other evidence as to the defendant's attempts to bribe or offer payments to the Clarkstown police or the charges and convictions resulting from that investigation, the motion is GRANTED. Such evidence is not proper Rule 404(b) evidence, is not relevant to the issues in this case, and would be unfairly prejudicial.

Upon the request of the defendant, the court will give an appropriate limiting instruction to the jury.

SO ORDERED this 18th day of September, 2007, at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge