UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | No. 3:06CR233(AHN) |
| : | |
| ALEKSANDER DUBOGRYZOV : | |

RULING ON DEFENDANT'S MOTION FOR LESSER DESIGNATION
RECOMMENDATION TO BUREAU OF PRISONS

On May 29, 2008, the defendant, Alexander Dubogryzov, was sentenced to a concurrent term of imprisonment of 67 months and three years of supervised release. In the judgment of conviction the court recommended that he be designated to an institution that offers a 500-hour substance abuse program close to the New York area. Thereafter, the Bureau of Prisons ("BOP") designated him to USP Canaan, a high-security facility near Scranton, Pennsylvania, on the basis of his status as a sex offender, lack of high school degree, his criminal history score, his status as a deportable alien, and an indication that he had used threats or violence against the women who worked for him in his prostitution business. Dubogryzov now moves the court to make a further recommendation to the BOP that he "be designated to a lesser classification facility." For the following reasons, the motion is DENIED.

The BOP is the sole agency charged with discretion to place a convicted defendant in a particular facility. Levine v. Apker, 455 F.3d 71, 83 (2d Cir. 2006). The BOP's assignment of

prisoners to their place of imprisonment as well as transfers within the federal penal system is governed by the Sentencing Reform Act, 18 U.S.C. § 3621(b).  This statute gives the BOP broad discretion to designate the facility it determines to be appropriate and suitable so long as the decision is informed by all five of its specifically enumerated considerations.  <u>Id.</u> at 81 (noting that "the statute indicates that the BOP <u>may</u> place a prisoner where it wishes, <u>so long as</u> it considers the factors enumerated in § 3621") (quoting <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d 235, 245 (3d Cir. 2005)) (emphasis in original).  Those five statutory factors are "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence --(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28."  18 U.S.C. § 3621(b).  The BOP may consider additional factors but it can not ignore these five factors delineated by Congress.  <u>Woodall</u>, 432 F.3d at 247.

It appears that the BOP designated Dubogryzov to USP Canaan after giving due consideration to the statutory factors as well

as other factors it deemed relevant.  The decision to designate him to that particular facility was plainly and unmistakably within the BOP's broad discretion and this court will not second guess a deliberate and informed determination of the agency charged with administering federal prison policy.  See <u>Abdul-Malik v. Hawk-Sawyer</u>, 403 F.3d 72, 76 (quoting <u>Taylor v. Sawyer</u>, 284 F.3d 1143, 1149 (9th Cir. 2002)).

<u>CONCLUSION</u>

For the foregoing reasons, the defendant's motion for a lesser designation recommendation to bureau of prisons [doc. # 193] is DENIED.

SO ORDERED this 4th day of September, 2008 at Bridgeport, Connecticut.

/s/_____
Alan H. Nevas
United States District Judge